UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

YONG KI HONG, et al.,

                           Plaintiffs,                 **MINUTE ENTRY &**
    -against-                                             **ORDER**

                                                                  05-CV-1177 (ENV) (KAM)
KBS AMERICA, INC., et al.,

                           Defendants.
                                                     X
------------------------------------------------------------------------

MATSUMOTO, United States Magistrate Judge:

        Pending before this Court is Plaintiffs' Motion to Compel Discovery and For Sanctions against defendants KBS America, Inc. and Chang Joon Lee (the "KBS Defendants"), Joseph Kong and Spring Video & Gift, Inc. (the "Kong Defendants"), and Yang Joon Kim ("Y.J. Kim"), and to enforce a subpoena served on the New York State Attorney General. (Pl. Mot., Doc. No. [91].) The Court has considered the foregoing submission and the responses from the Office of the New York Attorney General (the "AG's Office") (doc. nos. [93], [98]) and the defendants (doc. nos. [94]-[96]). In addition, the Court held a telephone conference on December 11, 2006 to hear the parties' arguments with respect to certain discovery disputes, at which it ruled on the disputes that are at issue. Those rulings are set forth more fully in this order.

        As a preliminary matter, the Court notes that plaintiffs have failed to certify, as required by Fed. R. Civ. P. 37 and the Local Civil Rules, that they have attempted in good faith to resolve their disputes before seeking judicial intervention. Moreover, the KBS Defendants

1

assert that the plaintiffs failed to attempt to resolve these disputes before bringing them before the Court. Based on the plaintiffs' letters to KBS counsel, dated October 6 and November 10, 2006 (Pl. Mot., Exs. B and C, respectively) , seeking compliance with plaintiffs' discovery demands, and the KBS Defendants' responses thereto (KBS Opp. at 3-4, Exs. E and F), it appears that plaintiffs have sufficiently attempted to resolve this matter. The Court notes, however, that plaintiff's eleventh hour motion to compel, two days prior to the closure of fact discovery, is not appreciated. For the reasons set forth herein, the Court denies in part and grants in part plaintiffs' application.

I.  **Motion to Enforce Subpoena Served on Attorney General**

First, the Court considers plaintiffs' motion to compel compliance with a subpoena served on the New York State Attorney General, which that office acknowledges was served on or about October 30, 2006. The AG's Office claims that upon receiving the subpoena, it contacted plaintiffs' counsel on or about November 1, 2006, informed her that the office would "vigorously oppose" the subpoena which seeks materials "relating to an ongoing, confidential law enforcement investigation" being conducted by the office's Antitrust Bureau, and requested that plaintiffs' counsel withdraw the subpoena. Based on its understanding that plaintiffs' counsel agreed to withdraw the subpoena, the AG's Office did not object formally to the subpoena, as required by Fed. R. Civ. P. 45(c)(2)(B). In a letter dated November 29, 2006, plaintiffs' counsel advised the AG's Office that plaintiffs' subpoena would not be withdrawn. Accordingly, the Court considers timely the objection by the AG's Office to the plaintiffs' subpoena, as set forth in its submission. (Doc. no. 93, 11/30/06 AG Ltr. at 1-2 and Ex. C thereto;

assert that the plaintiffs failed to attempt to resolve these disputes before bringing them before the Court. Based on the plaintiffs' letters to KBS counsel, dated October 6 and November 10, 2006 (Pl. Mot., Exs. B and C, respectively) , seeking compliance with plaintiffs' discovery demands, and the KBS Defendants' responses thereto (KBS Opp. at 3-4, Exs. E and F), it appears that plaintiffs have sufficiently attempted to resolve this matter. The Court notes, however, that plaintiff's eleventh hour motion to compel, two days prior to the closure of fact discovery, is not appreciated. For the reasons set forth herein, the Court denies in part and grants in part plaintiffs' application.

I.  **Motion to Enforce Subpoena Served on Attorney General**

First, the Court considers plaintiffs' motion to compel compliance with a subpoena served on the New York State Attorney General, which that office acknowledges was served on or about October 30, 2006. The AG's Office claims that upon receiving the subpoena, it contacted plaintiffs' counsel on or about November 1, 2006, informed her that the office would "vigorously oppose" the subpoena which seeks materials "relating to an ongoing, confidential law enforcement investigation" being conducted by the office's Antitrust Bureau, and requested that plaintiffs' counsel withdraw the subpoena. Based on its understanding that plaintiffs' counsel agreed to withdraw the subpoena, the AG's Office did not object formally to the subpoena, as required by Fed. R. Civ. P. 45(c)(2)(B). In a letter dated November 29, 2006, plaintiffs' counsel advised the AG's Office that plaintiffs' subpoena would not be withdrawn. Accordingly, the Court considers timely the objection by the AG's Office to the plaintiffs' subpoena, as set forth in its submission. (Doc. no. 93, 11/30/06 AG Ltr. at 1-2 and Ex. C thereto;

Doc. No. 98, AG Office Opp. Mem. and annexed Decl. of AAG Gargiulo.)

The AG's Office represents in its letter that it is currently conducting a confidential law enforcement investigation arising from the same facts giving rise to the instant action and invokes the work product doctrine, law enforcement, deliberative process and public interest privileges with respect to its investigative files. The AG's Office further asserts that plaintiffs have failed to demonstrate a compelling need for documents in the possession of the AG's Office, noting that plaintiffs have access to the same sources of information and documents from the defendants and non-parties. (AG Office Opp. Mem. at 6-7.) The Court agrees, based upon the authority cited in the submissions by the AG's Office, that the documents and information obtained pursuant to its confidential law enforcement investigation are protected from disclosure, particularly where plaintiffs cannot demonstrate that they have a substantial need for the information because it is not discoverable from sources other than the AG's Office. The Court therefore denies plaintiffs' motion to compel the AG's Office's compliance with its subpoena. See In re Department of Investigation of the City of New York, 856 F.2d 481 (2d Cir. 1989) (finding that New York City Department of Investigation could invoke law enforcement privilege and need not respond to subpoenas requesting it to disclose findings of ongoing, independent commission); see also In re Anthony Ragusa, Jr., 578 N.Y.S.2d 959, 964 (Sup. Ct. 1991) (granting petitioner's request for information pursuant to Freedom of Information Law where, *inter alia*, New York Attorney General invoked law enforcement privilege but did not point to any ongoing judicial proceeding or law enforcement investigation); N.Y. Pub. Off. Law § 87(2)(e) (2006) (providing exception to Freedom of Information Law where request concerns records which "are compiled for law enforcement purposes and which, if disclosed, would . . .

interfere with law enforcement investigations or judicial proceedings . . .").


## II. Plaintiffs' Discovery Requests

Plaintiffs assert that the KBS defendants repeatedly and willfully failed to produce documents pursuant to plaintiffs' interrogatories and document requests and repeatedly failed to respond to plaintiffs' October 6 and November 10, 2006 letters seeking compliance with plaintiffs' discovery demands. (Pl. Mot. at 1-2, Exs. B and C, respectively.) The Court addresses the following items in dispute, as set forth in plaintiffs' motion.

**Items I.(A) and I.(C).** Plaintiffs assert that the KBS Defendants and the Kong Defendants (described as a direct competitor of plaintiffs), "failed and refused . . . to disclose in any form" information in response to plaintiffs' interrogatories nos. 2 and 3. Interrogatory 2 requests that the KBS Defendants describe all communications with other defendants, and interrogatory 3 requests that the KBS Defendants describe all communications with the Association and its members, "regarding Plaintiffs, the Shilla store, the Fresh Meadows store, the retail video business in the New York metropolitan area, and the pricing or selling policy applicable to KBS programming, and/or any License." (See Pl. Mot., Ex. E.)

The Court first addresses item I.(A) of plaintiffs' motion. Contradicting their own assertion that KBS "failed and refused. . . to disclose in any form" the requested information, plaintiffs state that the KBS Defendants' production to plaintiffs dated October 26, 2006, and to the AG's Office dated November 22, 2005, revealed that KBS and C.J. Lee "had, in fact, communicated with Kong regarding Plaintffs' store on the very date that C.J. Lee terminated supplying KBS America's master video tapes to Plaintiffs." (Pl. Mot. at 2.) Plaintiff asserts that

4

the Kong Defendants also failed to reveal this communication with KBS regarding the plaintiffs' store.

The KBS Defendants respond that they agreed to provide documents responsive to plaintiffs' interrogatories nos. 2 and 3, but plaintiffs have delayed in finalizing the terms of a confidentiality order pursuant to which the documents will be produced. (KBS Opp. at 2.) The Court therefore directs plaintiffs to negotiate and finalize the terms of a confidentiality order, pursuant to which the KBS Defendants are ordered to provide verified responses and documents. The plaintiffs shall file by ECF the final, signed confidentiality order by December 15, 2006, for the Court's signature. The KBS Defendants shall then produce documents responsive to these requests and to the requests as ordered by the Court below, by December 22, 2006, and correlate the Bates numbers of the documents to the specific interrogatory and/or document request to which each document responds.

The Kong Defendants also claim that plaintiffs' counsel failed to confer with them regarding any purported deficiencies. The Kong Defendants further assert that they fully responded to plaintiffs' discovery demands, produced Kong for a deposition at which he testified to the best of his recollection, and offered to produce him for a subsequent deposition. (Kong Def. Opp. at 1-2.) The Kong Defendants are reminded of their ongoing obligation to provide verified supplemental discovery responses, including information and documents relating to any communications or meetings about which their memories may be refreshed.

With respect to item I.(C) of plaintiffs' motion, plaintiffs complain that the KBS and Kong Defendants failed to disclose a meeting at which they allegedly discussed a national video store owners' meeting that occurred in 2004, prior to the KBS Defendants' termination of

their programming to plaintiffs. The Court finds that such a discussion, if it occurred, is relevant. Accordingly, the KBS and Kong Defendants shall supplement their discovery responses and provide verified statements regarding whether, at that meeting, the KBS and Kong Defendants discussed the subjects enumerated in plaintiffs' interrogatory no. 2, including the national video store owners' meeting, and, if so, provide verified supplemental discovery responses, including but not limited to a description of any discussions and responsive documents. The KBS and Kong defendants shall provide supplemental discovery responses by December 22, 2006.

**Item I.(B).** Plaintiffs next assert that the KBS Defendants failed to fully answer interrogatory no. 4, which requested that they identify and describe every communication between the KBS Defendants and B.G. Kim "regarding Plaintiffs, the Shilla store, the Fresh Meadows store, the retail video business in the New York metropolitan area, and the pricing or selling policy applicable to KBS programming, and/or any License." (See Pl. Mot., Ex. E.) Plaintiffs claim that the KBS Defendants "failed to disclose they had full familiarity with the dire financial difficulties of the Shilla Video Store in Brooklyn that, with permission from KBS, plaintiffs purchased and subsequently transferred to Fresh Meadow in Queens." (Pl. Mot. at 2.) Plaintiffs state that H.G. Jo and C.J. Lee, both of whom are described by plaintiffs as KBS America representatives, testified that prior to plaintiffs' purchase of Shilla, they had conferred with Shilla's then manager, B.G. Kim, regarding a series of bounced checks paid by Shilla to KBS America for weekly master video tapes, and Shilla's financial condition. Plaintiffs further complain that the KBS Defendants also failed to produce copies of Shilla Video's bounced checks or documents regarding Shilla's financial condition.

6

The KBS defendants assert that "any information regarding the Shilla Video store before it was purchased by plaintiffs is irrelevant to this litigation." (KBS Opp. at 2-3.) The Court disagrees. KBS has previously asserted that it grants licenses, based in part on its assessment of market saturation within a given geographic area and, consequently, licensees are not permitted to relocate without the permission of KBS. Thus, communications between KBS and Shilla Video, including regarding the proposed sale of Shilla Video to plaintiffs, the financial condition of the Shilla Video store and the video rental market in that area, are relevant to the claims and defenses in this action. Defendants shall provide verified discovery responses and documents regarding their communications relating to the specified subject matter by December 22, 2006.

**Item I.(D).** Plaintiffs assert that the KBS Defendants have failed to produce documents in complete response to document requests 6-9, 12, 16-17, and 21-22, regarding complaints by video store owners concerning the refusal of KBS America to supply programming shortly before terminating the video store owners licenses. In support of their motion, plaintiffs contend that KBS Defendants failed to produce all letters from an attorney named Jose Gonzalez, Esq., complaining on behalf of his video store owner clients of actions by the KBS Defendants. (Pl. Mot. at 3 and Ex. J.) The KBS Defendants respond that they have provided all letters in their possession, custody or control, from Mr. Gonzalez. (KBS Opp. at 3.) The Court directs the KBS Defendants to undertake a diligent search for responsive documents and to provide verified supplemental discovery responses as required by December 22, 2006.

**Item I.(E).** Plaintiffs assert that individual defendants Kong and Y.J. Kim, senior officers of the Video Store Owners Association, have failed to produce any documents related to

7

a press kit distributed at a May 20, 2004 press conference. Kong and Y.J. Kim have noted in their responses to plaintiffs' motion to compel that they have performed a reasonable and diligent search and do not have the press kit materials distributed at the conference. The Court directs Kong and Y.J. Kim, by December 22, 2006, to conduct a further search of the records in their possession, custody or control and, if they are unable to locate responsive documents, to provide a verified, written response regarding their search and their recollections regarding all press kits that were distributed at the press conference, their involvement in the preparation and distributing thereof, and what, to the best of their knowledge and belief, happened to any press kits that may have been distributed, including who may have possession, custody or control of documents in the press kits.

**Item I.(F).** Plaintiffs seek an order compelling the KBS Defendants to provide the documents requested in their October 6 and November 10, 2006 letters. (Pl. Mot. at 3-4, Exs. B, C.) The KBS Defendants counter that they have provided documents and detailed responses and objections to these letter requests. (KBS Opp. at 3-4.) The Court notes, however, that the KBS Defendants appear to have first responded in writing to plaintiffs' October 6 letter on November 30, 2006, and to plaintiffs' November 10 letter on December 1, 2006. (See KBS Opp., Exs. E and F.) In this regard, the Court finds that both plaintiffs and the KBS Defendants appear to have contributed to the circumstances leading to the filing of discovery motions just prior to the deadline set by the Court for completion of discovery, and again directs counsel for all parties to respond promptly to communications and to work together to resolve disputes before bringing them before the Court.

The Court rules on the discovery disputes referenced in the KBS Defendants'

8

November 30 and December 1, 2006 responses to the plaintiffs' requests as follows. With regard to the KBS Defendants' November 30, 2006 letter (KBS Opp., Ex. E), the Court notes that the KBS Defendants have provided response to items 1, 4, 6, 7, and 8, and shall produce documents responsive to item 10 by December 22, 2006, after the parties have entered into a confidentiality agreement, as directed herein.

With regard to item 2, the resumes for S.K. Lee and H.G. Jo, the Court finds that the requested documents are relevant and directs the KBS Defendants to produce these documents by December 22, 2006.

With regard to item 3, the personnel files of C.J. Lee, H.G. Jo, and S.K. Lee, the Court grants the request insofar as it seeks job descriptions or annual evaluations of these witnesses, and directs the KBS Defendants to produce responsive documents by December 22, 2006.

With regard to item 5, the address of Michelle Lee, the Court notes that the KBS Defendants have represented that Ms. Lee does not wish for her residence address to be provided but has provided her cell phone number. The Court is willing to accommodate Ms. Lee's request so long as doing so will not delay her deposition. Counsel for the KBS Defendants shall provide forthwith Ms. Lee's cell phone number to plaintiffs, and counsel for the KBS Defendants and plaintiffs shall contact Ms. Lee regarding scheduling any necessary depositions. If such depositions can not be scheduled promptly due to Ms. Lee's refusal to cooperate, the Court will order that Ms. Lee's last known addresses be provided to plaintiffs so that they may serve a deposition subpoena.

With regard to item 9, requesting the corporate and individual tax returns for

KTE, KBS America, and C.J. Lee, the Court finds that the plaintiffs have demonstrated that the tax returns are relevant to their defenses to the KBS defendants' defamation counter-claims. However, plaintiffs have not shown a compelling need for the information contained in the tax returns and that this information is not otherwise available. See Securities & Exch. Comm'n v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y. 1985) (noting that a plaintiff seeking disclosure of tax returns must show both relevance and "compelling need for the returns because the information contained therein is not otherwise readily obtainable") (citing Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)). Accordingly, the Court orders the KBS Defendants to provide documentation other than tax returns, no later than December 22, 2006, reflecting KTE, KBS America and C.J. Lee's revenues and/or income during 2003-05.

With respect to the KBS Defendants' December 1, 2006 letter (KBS Opp., Ex. F), the Court notes that the KBS defendants have provided a response with regard to item 7. The Court also directs the KBS defendants to provide responses, by December 22, 2006, with regard to items 1-6, 8-9, 11, 13, 14, and 15, all of which seek relevant information and/or documents.

With regard to item 10, requesting the last known contact information for Choon Hwa Um, a former employee of KBS America's Los Angeles office who prepared the standard operating procedures for video stores, the KBS Defendants represented that they will provide the cell phone number for the former employee and contact her to schedule any necessary deposition. The KBS defendants shall do so by December 15, 2006.

With regard to item 12, the request for expense reports and credit card statements for C.J. Lee and H.G. Jo for the period July 2004 through March 2005, the plaintiffs clarified that they are seeking records regarding any meetings, dinners or social functions paid for by

KBS, C.J. Lee or H.G. Jo for meals, expenses or functions involving video store owners or video association representatives. The Court found this request to be relevant, and ordered that such records be produced. Personal credit card records for C.J. Lee or H.G. Jo need not be produced unless the records reflect any of the above-described business-related expenses, in which case they may be produced in redacted form, leaving unredacted only information regarding any business-related expenses. The KBS defendants shall produce these documents by December 22, 2006.

With regard to item 16, requesting all telephone records for KBSA, C.J. Lee and H.G. Jo for the period July 2004 through May 2005, the plaintiffs clarified that they are seeking telephone records that would reflect any calls between C.J. Lee, H.G. Jo and the KBSA Eastern Regional Office, on the one hand, and defendants Kong and Y.J. Kim, on the other hand. The Court orders that these records be produced by December 22, 2006, including records reflecting any cell phone calls between C.J. Lee or H.G. Jo and Kong or Y.J. Kim.

Finally, the Court reminds the KBS Defendants that, in providing supplemental responses to plaintiffs' discovery requests, they are to produce any responsive documents in their possession, custody or control, whether these documents are located in the United States or Korea. This includes documents that may not be in their possession, but which they have the legal right or practical ability to obtain. See In Re Flag Telecom Holdings, Ltd. Securities Litigation, 236 F.R.D. 177, 180 (S.D.N.Y. 2006) ("If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party.") (quoting Riddell Sports Inc. v. Brooks, 158 F.R.D. 555, 558 (S.D.N.Y. 1994)).

### III. Plaintiffs' Request for Further Depositions

Plaintiffs have requested the opportunity to further depose certain witnesses, despite the fact that some of these witnesses have already been subjected to four days of depositions. Although the Court is reluctant to grant any further depositions, it will provide one final opportunity for plaintiffs to complete their depositions. The Court also directs that counsel for defendants Kong and Y.J. Kim be given the opportunity to pose any questions they may have of the witnesses. Accordingly, the Court orders as follows.

With respect to defendant Y.J. Kim, plaintiffs are granted an additional four hours to depose the witness. Defendant Kong may have up to one hour to depose Y.J. Kim.

With regard to C.J. Lee, whom the KBS defendants represent recently suffered a stroke, the plaintiffs are granted an additional five hours to depose the witness. Co-defendants Kong and Y.J. Kim each are granted up to one hour each to propound questions to the witness. The Court encourages the parties to schedule Mr. Lee's deposition across two days and to be mindful and accommodating of Mr. Lee's physical condition.

With regard to H.G. Jo, plaintiffs are granted up to an additional four hours to depose the witness; co-defendants Kong and Y.J. Kim are granted up to one hour each to depose H.G. Jo.

Finally, plaintiffs may depose witness Kevin Kwon up to an additional four hours, witness Sang Kim up to an additional three hours, and witness Wu Sung Kim up to an additional two hours.

The Court notes that plaintiffs have noticed an additional five depositions

for Young Su Yoo, Si Young Sung, Seung Pil Lim, Houng Sik Han and the owners of Joa Video. (See KBS Opp., Ex. I.)  Plaintiffs' counsel represented that they will not seek any other further depositions beyond these five witnesses, and the Court will hold plaintiffs to their statement.

Finally plaintiffs have requested that the KBS defendants be required to pay attorney's fees and costs associated with its motion to compel and any additional depositions, due to the alleged delay of the KBS Defendants' in responding and producing witnesses. Because the Court finds that both plaintiffs and the KBS Defendants have played a part in causing the delays in discovery, the Court declines to grant an award of fees and costs.

Fact discovery will conclude on February 20, 2007.  The parties will participate in a telephone status conference on February 21, 2007 at 2:30 p.m.

**SO ORDERED.**

Dated: December 12, 2006
       Brooklyn, New York

/s/
Kiyo A. Matsumoto
United States Magistrate Judge
Eastern District of New York